J-S34043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT RAYMOND KUNKLE | |
| Appellant | No. 1722 MDA 2014 |

Appeal from the Judgment of Sentence entered August 25, 2014
In the Court of Common Pleas of Bradford County
Criminal Division at No: CP-08-CR-0000719-2013

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 11, 2015**

Appellant Scott Raymond Kunkle appeals from the judgment of sentence entered in the Court of Common Pleas of Bradford County ("trial court"), following his guilty plea to involuntary manslaughter.  Upon review, we affirm.

The facts and procedural history underlying this appeal are uncontested.  On August 26, 2013, Appellant was charged, *inter alia*, with involuntary manslaughter in connection with the death of his wife.  The affidavit of probable cause accompanying the complaint reveals in part that Appellant and the victim had an argument that turned violent.  Specifically, Appellant and the victim had been taking bath salts for a couple of days.  When they ran out of the bath salts, the victim wanted Appellant to replenish them.  Appellant, however, refused, because he did not want to

take any more bath salts. A fight ensued, during which, at some point, the victim attempted to bite Appellant's left middle finger, which she had in her mouth. To free his finger, Appellant "slammed [the victim's] head against the wall" using his forearm.[1] Affidavit of Probable Cause, 8/26/13, at 2.

Following the trial court's denial of his omnibus pretrial motion, Appellant pled guilty to involuntary manslaughter on June 9, 2014. At the plea hearing, Appellant admitted the foregoing facts. Appellant particularly admitted he slammed the victim's head against the wall. *See* N.T. Trial, 6/9/14, at 6-7. On August 25, 2014, the trial court sentenced Appellant to 12 to 60 months' imprisonment. Appellant filed a post-sentence motion, challenging the discretionary aspects of his sentence. Following the trial

---

[1] In an interview with the police following the victim's death, Appellant recounted:

> [The victim] bit me. And right, right there are teeth marks. And right there, she tried to bite my fucking finger off. And that was after I got at the top of the steps, cause she tried to push me, grabbed the bannister, I pushed her back, she threw the beer bottle hit me with the beer bottle and I climbed around the beer bottle and she grabbed my hand and stuck it in her fucking mouth and bit. And I bounced her head of [sic] the wall a couple of times because she tried to bite my finger off. And there was just bop, bop, bop. And she dropped down and she grabbed me, I kicked at her [in her stomach], and I went into the other room.

> \* \* \*

> I hit the wall pretty hard.

Appellant's Interview with Pennsylvania State Police, 7/14/13, at 11, 16.

court's denial of his post-sentence motion, Appellant timely appealed to this Court.

On appeal, Appellant argues only that the trial court abused its discretion in failing to consider "significant facts and circumstances favorable to the defense," Appellant's Amended Brief at 11, when it imposed a statutory maximum sentence of 60 months' imprisonment.[2]

When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting ***Commonwealth v. Cunningham***, 805 A.2d 566, 575 (Pa. Super. 2002), *appeal denied*, 64 A.3d 630 (Pa. 2013)).

"Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." ***Commonwealth v. Stradley***, 50 A.3d 769, 771 (Pa. Super.

---

[2] To the extent Appellant challenges the trial court's remark at sentencing that he rejected his family's support in the past, such a challenge is waived, because Appellant did not raise it before the trial court. ***See*** Pa.R.A.P. 302(a). In any event, even if this challenge were not waived, Appellant fails to explain its relevance to the issue on appeal.

2012) (citation omitted). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). "However, when the plea agreement is open, containing no bargained for or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of h[is] sentence."[3] *Commonwealth v. Roden*, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) (citation omitted).

It is well-settled that "[t]he right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, an appellant's appeal should be considered as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and

---

[3] The record in this case reveals that Appellant entered into open guilty pleas.

(4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)).  Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis.  *See Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001), *appeal denied*, 796 A.2d 979 (Pa. 2002).

Here, Appellant has satisfied the first three requirements of the four-part *Moury* test.  Appellant filed a timely appeal to this Court, preserved the issue on appeal through his post-sentence motions, and included a Pa.R.A.P. 2119(f) statement in his brief.[4]  We, therefore, must determine only if Appellant's sentencing issue raises a substantial question.

We have found that a substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."  *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 895 (Pa. 2009).  This Court does not accept bald assertions of sentencing errors.  *See*

---

[4] Rule 2119(f) provides that "[a]n appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence."  Pa.R.A.P. 2119(f).

*Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). When we examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-87 (Pa. Super. 2008) (quoting *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005)). A Rule 2119(f) statement is inadequate when it "contains incantations of statutory provisions and pronouncements of conclusions of law[.]" *Commonwealth v. Bullock*, 868 A.2d 516, 528 (Pa. Super. 2005) (citation omitted).

Nonetheless, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citations omitted); *see also Commonwealth v. Berry*, 785 A.2d 994, 996 (Pa. Super. 2001) (explaining allegation that sentencing court failed to consider a certain sentencing factor generally does not raise a substantial question); *see also Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995) ("[a]n allegation that a sentencing [judge] 'failed to consider' or 'did not adequately consider' certain factors does not raise a substantial question that the sentence was inappropriate,"), *appeal denied*, 676 A.2d 1195 (Pa. 1996); *see also Commonwealth v. Bershad*, 693 A.2d 1303, 1309 (Pa. Super. 1997)

(finding absence of substantial question where appellant argued the trial court failed to adequately consider mitigating factors and to impose an individualized sentence).

Here, as revealed by Appellant's Rule 2119(f) statement, he argues only that the trial court failed to consider certain factors when it fashioned the sentence. Specifically, Appellant's Rule 2119(f) statement states:

> It is the contention of [Appellant] that in giving him the maximum sentence statutorily permitted by law the [trial] court **failed to adequately consider all relevant sentencing factors**. It ignored the nature and circumstances of the offense of [sic] wit: [Appellant] was attempting to act in self-defense, twice the victim tried to push [Appellant] down a flight of stairs; and when [Appellant] slammed the victim against the wall, causing her death, the victim held a beer bottle raised high, seeking to strike [Appellant] over the head with it, and she was also biting a finger of [Appellant] and would not let go. The [trial court] also disregarded the fact that [Appellant] had a zero prior record score.

Appellant's Amended Brief at 3 (emphasis added). Thus, given the nature of his Rule 2119(f) statement, we cannot conclude he has raised a substantial question. *See Disalvo*, *Berry*, *Cruz-Centeno*, and *Bershad*, *supra*. We, therefore, deny Appellant's petition for allowance of appeal.

Judgment of sentence affirmed.

Judge Bowes joins the memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2015