**COMMONWEALTH of Pennsylvania,** **Appellee,**

v.

**Jo Rae RODEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 16, 1999.

Filed May 5, 1999.

Howard F. Knisely, Lancaster, for appellant.

Megan L. King, Assistant District Attorney, Lancaster, for Com., appellee.

Before STEVENS, ORIE MELVIN and BROSKY, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lancaster County following Appellant's open guilty plea to the charge of third degree murder. On appeal, Appellant's sole contention is that her sentence is manifestly excessive. We affirm.

¶ 2 The relevant facts and procedural history are as follows: On January 21, 1997, Appellant was babysitting the six-month-old victim at her home in Lancaster County when, at some point, Appellant violently shook and struck the infant. Approximately twenty-four hours later, the infant died as a direct result of Appellant's actions.

¶ 3 Appellant was arrested and charged with criminal homicide. On March 3, 1998, she pled guilty to third degree murder and, on April 24, 1998, she was sentenced to not less than ten or more than thirty years imprisonment. Appellant filed a post-sentence motion seeking modification of her sentence, which was denied by the trial court, and this timely appeal followed.

¶ 4 As indicated previously, Appellant's sole issue on appeal is that the trial court imposed a manifestly excessive sentence. To support this contention, Appellant alleges that the trial court relied on an impermissible factor in sentencing her at the top of the standard range.[1] Namely, Appellant contends that the trial court improperly focused on the fact that working mothers might quit their jobs and withdraw their children from daycare facilities due to fear generated by Appellant's actions.

---

1. Appellant does not dispute that her sentence is within the statutory limits.

¶ 5 Appellant's challenge is to the discretionary aspects of her sentence, and, therefore, it must be considered a petition for permission to appeal, as the right to appeal from the discretionary aspects of sentencing are not absolute.[2] *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc*). Before a challenge to the sentence will be heard on the merits, an appellant must set forth in her brief, a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of her sentence. Pa.R.A.P. 2119(f). Here, Appellant has set forth a proper, separate statement as required by Rule 2119(f), by which she attempts to demonstrate that a substantial question exists regarding the appropriateness of the sentence imposed.

The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Andrews*, 720 A.2d 764, 766–67 (Pa.Super.1998) (citation and quotation omitted). We find that Appellant has raised a substantial question in this case, and, therefore, we shall address the merits of her sentencing issue. *See Commonwealth v. Martin*, 727 A.2d 1136 (Pa.Super.1999) (holding that a claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question).

¶ 6 "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed

on appeal absent a manifest abuse of discretion." *Harris*, 719 A.2d at 1052 (citation omitted).

In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

*Commonwealth v. Ennis*, 394 Pa.Super. 1, 574 A.2d 1116, 1124 (1990) (quotation omitted). *See Commonwealth v. Harris*, 719 A.2d 1049 (Pa.Super.1998).

¶ 7 After reviewing the record, we find that the trial court noted on the record the negative effect Appellant's actions would have on some working mothers who rely on babysitters on a daily basis. Specifically, at the sentencing hearing, the trial court stated the following to Appellant:

You have destroyed the lives of more than just that young child, an innocent child given into your care. The reality of life today is that society does need caregivers. Young families need caregivers. Women have the right, if they elect, to work. Some women don't have a choice, they have to work in order for their families to live. They also have the right to have children and have families.

Caregivers aren't forced to be caregivers. You elected to do this. You elected to take children into your home. You didn't do it for free, you were paid for it. You have an obligation. You and all caregivers have an obligation to give

---

**2.** Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. *Commonwealth v. Reichle*, 404 Pa.Super. 1, 589 A.2d 1140 (1991). However, when the plea agreement is open, containing no bargained for or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of her sentence. *Commonwealth v. Dalberto*, 436 Pa.Super. 391, 648 A.2d 16 (1994).

what you have been engaged to do. Nobody can demand your love; although, I think you gave it to those children. They demand that the care be caring and, mostly, safe.

*In addition to what you've done to this family, you've done this to many families who are now afraid to take children to caregivers. How many women quit their jobs because of fear that something terrible like this could happen?*

N.T. 4/24/98 at 59–60 (emphasis added).

¶ 8 We conclude that the trial court merely mentioned the fact that Appellant's actions would have a negative impact on some working families, particularly working women, who rely on babysitters. As such, we find that the trial court did not rely on an impermissible factor.

¶ 9 In any event, even if we were to assume, *arguendo*, that the trial court relied on the factor at issue, we find that such reliance was permissible. In sentencing an appellant, the trial court is permitted to consider the seriousness of the offense and its impact on the community. *Commonwealth v. Childress*, 452 Pa.Super. 37, 680 A.2d 1184 (1996). The trial court's statements that it recognized that Appellant's action would adversely affect some families may be characterized as a comment on the impact Appellant's offense had on the community. Accordingly, we cannot find that the factor at issue was an impermissible factor, and, therefore, we cannot find that Appellant's sentence was manifestly excessive on this basis.[3]

¶ 10 Affirmed.

---

**3.** We note that Appellant also suggests that the factor at issue was improper since there was no statistical evidence indicating that people who rely on childcare were affected by Appellant's actions in any manner. We find that such evidence was unnecessary in this case. It was reasonable for the trial court to conclude that members of Appellant's community would be adversely impacted by Appellant's violent attack upon the victim, whom she was babysitting. We have found no case law, and Appellant has failed to cite any, suggesting that a statistical study of Appellant's impact upon the community was necessary in a case such as this.