J-S18010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL JOSEPH HENRY, | |
| Appellant | No. 3559 EDA 2013 |

Appeal from the Judgment of Sentence August 15, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007724-2012

BEFORE:  BENDER, P.J.E., ALLEN, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED MAY 12, 2015**

Appellant, Michael Joseph Henry, appeals from the judgment of sentence of an aggregate term of 20 to 66 years' incarceration, imposed after he pled guilty to multiple counts of various firearm offenses.  On appeal, Appellant challenges discretionary aspects of his sentence.  After careful review, we affirm.

We summarize the facts and procedural history of this case as follows. On September 13, 2012, Plymouth Township Police Officer Bradley Fox, along with other assisting officers, attempted to conduct a traffic stop of a vehicle driven by Andrew Thomas.  Thomas fled from police and, during the officers' pursuit, Thomas shot and killed Officer Fox.  Thomas then turned the gun on himself, inflicting fatal wounds to his chest that resulted in his death.

During the ensuing investigation of Andrew Thomas' murder of Officer

Fox, police discovered that the gun Thomas used was registered to

Appellant.

> On Friday, September 14, 2012, Montgomery County Detectives Michael Begley and James Carbo interviewed [Appellant]. [Appellant] told [the] detectives that he was introduced to Andrew Thomas in April [of] 2012 and that he started to "straw purchase" firearms for Thomas shortly thereafter. [Appellant] said that, in exchange for the purchase of the firearms, Thomas would pay him a cash payment of $500.00 in addition to providing him with the cash for the firearm purchase. [Appellant] detailed the "straw purchase" of [nine] firearms[,] which were registered in his name and delivered directly to Andrew Thomas. [Appellant] said that these "straw purchases" were made at In Site Firearms in Montgomery County and at French Creek Outfitters in Chester County. [Appellant] told [the] detectives that he was unaware of the current location of the firearms[,] which he last saw in the custody of Andrew Thomas.
>
> [Appellant] told [the] detectives that he had discussed with Andrew Thomas the possibility of [Thomas'] being stopped by police. During the conversation, Thomas said that, if he was stopped by the police, he would run and that he [was not] going back to jail. Andrew Thomas told [Appellant] that he "wouldn't go alive" and that he "would shoot a cop[."]

Trial Court Opinion (TCO), 7/29/14, at 4 (quoting Presentence Investigation

Report at 2-6) (emphasis omitted).

In total, Appellant admitted to purchasing nine firearms for Thomas,

including the weapon that Thomas used to kill Officer Fox and himself.

Consequently, Appellant was charged with numerous counts of various

firearm offenses and ultimately pled guilty to the following crimes:

> (A) [N]ine counts of intentionally or knowingly making a materially false written statement in the purchase of a firearm

under the Pennsylvania Uniform Firearms Act of 1995, 18 Pa.C.S. § 6111(g)(4)(ii), a third-degree feloney for which the Crimes Code, 18 Pa.C.S. § 1103(3), prescribes a maximum sentence of seven years in prison; (B) [S]even counts of intentionally or knowingly transferring a firearm in violation of 18 Pa.C.S. § 6111(g)(1), a second-degree misdemeanor with a maximum sentence of two years in prison, 18 Pa.C.S. § 1104(2); and (C) [S]even counts of unsworn falsification to authorities under 18 Pa.C.S. § 4904(b), a third-degree misdemeanor with a maximum sentence of one year in prison, 18 Pa.C.S. § 1104(3).

TCO at 1-2.

On August 15, 2013, Appellant's sentencing hearing was conducted.

[T]he [c]ourt commenced [the proceeding] by asking if the parties had any objections or corrections to the psychiatric/psychological evaluations … or to the presentence investigation report (PSI), the latter of which had attached to it copies of letters from the slain officer's brother, mother, and widow. Without objection, [the court] admitted the PSI into the record.

…

In addition to reviewing and taking into consideration the PSI, … [the] [c]ourt at the sentencing hearing took testimony and evidence from the following sources: for the Commonwealth, testimony from investigating Detective James Carbo, from Officer Bradley Fox's widow, mother, brother, and father, and from the Plymouth Township Chief of Police, and exhibits consisting of a written record of the Montgomery County Detectives' interview with [Appellant], and photographs and a partial video of a ceremony in which President Barack Obama recognized Officer Fox along with other officers from around the country killed in the line of duty; and for [Appellant], testimony from his sister and from a therapist familiar with him; and exhibits consisting of photographs and letters written to him (by his daughter) or in his support. In addition, the parties stipulated that if called as a witness[,] Detective John Finor, an expert in ballistics and identifying firearms, would testify that the Beretta pistol found next to Thomas's body at the scene of the murder-suicide was the one [Appellant] had purchased from In

- 3 -

Site Firearms [on] May 30, 2012, and transferred to Thomas later that day, and that the bullets and shell casings found at the scene were consistent with having been fired from that weapon.

As in the case of the PSI, the defense placed no objections on the record to any of the Commonwealth's evidence; in fact, as the exhibits were introduced at the close of the Commonwealth's case-in-chief, [defense] counsel stated, "The defense has received each one. We have no objection to them [*sic*] being entered into evidence."

With the presentation of evidence concluded, the [c]ourt entertained closing arguments of counsel, and also received the parties' memoranda of law on issues of sentencing merger. [Appellant] then exercised his right to allocution, apologizing to the Fox family for his actions, citing his troubled past and drug addiction, and invoking the mercy of the [c]ourt.

The [c]ourt recessed briefly to review the defense's newly-presented legal memo and final exhibits, then returned to the courtroom to pronounce sentence, placing reasons for the sentence on the record in accordance with the Sentencing Code, 42 Pa.C.S. § 9721(b), the Sentencing Guidelines, 204 Pa.Code § 303.1(d), and the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 704(C)(2)….

TCO at 6-7 (citations to the record omitted).

Ultimately, with respect to Appellant's convictions stemming from the purchase of the Beretta firearm used by Thomas to kill Officer Fox, the court imposed statutory maximum sentences, which exceeded the aggravated guideline range. The court also imposed Appellant's sentences to run consecutively, totaling an aggregate term of 20 to 66 years' incarceration. Appellant filed a timely post-sentence motion for reconsideration of his sentence, which the court denied. Appellant then filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant raises one issue for our review:

"Did the trial court manifestly abuse its discretion when it imposed an aggregate sentence of twenty (20) to sixty-six (66) years of total confinement upon Appellant as a result of his conviction for making straw purchases of firearms?"  Appellant's Brief at 5 (unnecessary capitalization omitted).  In the body of Appellant's brief, he divides his overarching claim into the following three sub-claims:

> A.  [The trial court] improperly considered immaterial and irrelevant factors when fashioning [Appellant's] sentence … regarding Counts 6, 15 and 22.
>
> B.  [The trial court's] justification for exceeding the standard ranges for imposing sentences on Counts 1 through 5 and 7 through 9 [was] legally insufficient to justify exceeding the standard range for those convictions.
>
> C.  [The trial court] abused [its] discretion when [it] ran all of [Appellant's] sentences of total confinement in consecutive order, creating an aggregate sentence of twenty (20) to sixty-six (66) years in prison, which sentence is [a] disproportionately harsh and unduly severe punishment.

Appellant's Brief at 24, 33, 35.

Appellant's claims implicate the discretionary aspects of his sentence. *See Commonwealth v. Lawrence*, 960 A.2d 473, 478 (Pa. Super. 2008) (considering a claim that the court relied on factors already taken into account by the offense gravity score as a challenge to the discretionary aspects of sentence); *Commonwealth v. Pass*, 914 A.2d 442, 446-447 (Pa. Super. 2006) (treating claim that the court erred by imposing sentences to run consecutively as a challenge to discretionary aspects of sentence); *Commonwealth v. Roden*, 730 A.2d 995, 996-997 (Pa. Super. 1999)

- 5 -

(stating that a claim that the court relied on an impermissible factor in fashioning a sentence constitutes a challenge to the discretionary aspects of sentence). After carefully reviewing the record, we are constrained to deem each of Appellant's sentencing claims waived for the reasons stated *infra*.

First, Appellant argues that the sentencing court erred by considering evidence regarding the murder of Officer Fox in fashioning Appellant's term of incarceration. Namely, Appellant takes issue with the admission of victim impact statements from Officer Fox's widow, siblings, children, and parents. *See* Appellant's Brief at 27. As the trial court points out, however, Appellant did not object on the record to the admission of this evidence or the sentencing court's consideration thereof. *See* TCO at 12-13. While Appellant essentially concedes that no on-the-record objection was made, he nevertheless argues that we should deem this claim preserved because his defense counsel purportedly raised an oral objection to the admission of this evidence during an unrecorded, pre-sentencing conference with the court and the Commonwealth. *See* Appellant's Brief at 25.

However, this Court has held that "[f]or purposes of appellate review, what is not in the certified record does not exist." ***Commonwealth v. Wint***, 730 A.2 965, 967 (Pa. Super. 1999) (citing ***Frank v. Frank***, 587 A.2 340, 342-343 n.5 (Pa. Super. 1991) (citations omitted)). We also emphasize that "[i]t is an appellant's duty to ensure that the certified record is complete for purposes of review." ***Commonwealth v. Lopez***, 57 A.3d 74, 82 (Pa. Super. 2012) (citation omitted). "Where portions of a

proceeding are unrecorded, [the] appellant's burden to supply a record may be satisfied through the statement in absence of transcript procedures[]" set forth in Pa.R.A.P. 1923. *Id.* (citing Pa.R.A.P. 1923; ***Commonwealth v. Steward***, 775 A.2d 819, 835 (Pa. Super. 2001) (citation and quotations omitted)). Here, Appellant has not satisfied the dictates of Rule 1923. Accordingly, we are constrained to agree with the trial court that Appellant's first sub-claim is waived.

Likewise, we also conclude that Appellant's second and third sub-claims are waived based on his failure to raise them in his Rule 1925(b) statement. In his second sub-claim, Appellant avers that in imposing sentences beyond the aggravated guideline range, the court impermissibly relied on a factor already taken into account by the offense gravity score, namely that the weapons purchased by Appellant "had entered the underground economy and could be, and probably would most likely, end up in the hands of criminals…." Appellant's Brief at 33-34. In Appellant's third sub-claim, he contends that the sentencing court abused its discretion by imposing his sentences to run consecutively, as the aggregate term "is disproportionately harsh and unduly severe [a] punishment with respect to the underlying crimes." *Id.* at 35. Neither of these assertions were set forth in Appellant's Rule 1925(b) statement. *See* Rule 1925(b) Statement, 1/28/14, at 2-5 (unnumbered). Consequently, they are waived for our review. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement

and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

In sum, each of Appellant's three challenges to the discretionary aspects of his sentence is waived for this Court's review. Therefore, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2015