J-A22014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COREY L. WILLIAMS | |
| Appellant | No. 1989 MDA 2015 |

Appeal from the Judgment of Sentence September 10, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000511-2002

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED AUGUST 24, 2016**

Corey L. Williams appeals from the judgment of sentence entered in the Franklin County Court of Common Pleas following his jury trial convictions for robbery, simple assault, recklessly endangering another person ("REAP"), terroristic threats, and carrying a firearm without a license.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> On October 23, 2003, [Appellant] was convicted by a jury on eleven separate counts stemming from a robbery of a Getty-Mart.  On December 3, 2003, [Appellant] was sentenced to an aggregate sentence of 81 to 168 months['] incarceration.  Included in this aggregate

---

[1] 18 Pa.C.S. §§ 3701(a)(1), 2701(a)(3), 2705, 2706(a)(1), and 6106(a), respectively.

sentence was a specific sentence for 73 to 132 months['] incarceration on Count 1 – Robbery. After exhausting direct appeal rights, [Appellant] filed a timely *pro se* PCRA petition on December 20, 2010. Throughout the PCRA process, [Appellant] had no less than 10 different attorneys represent him at some point, and filed numerous *pro se* hybrid motions. On December 18, 2013, this court denied all of [Appellant's] claims in his PCRA petition. [Appellant] appealed this court's denial, and on October 14, 2014, the Superior Court issued an opinion ruling that [Appellant's] sentence was illegal because the 72 to 132 month sentence violated 42 Pa.C.S. § 9756(b)(1) by imposing a minimum sentence that was more than one-half of the maximum. As such, the Superior Court vacated and remanded the entire judgment of sentence for resentencing.

On September 10, 2015, this court held a resentencing hearing. The court heard argument from Assistant District Attorney Zachary Mills, as well as testimony from [Appellant]. Upon [Appellant] appearing contrite, taking responsibility for his actions, and showing the attempts he has made to better himself while incarcerated, the court resentenced [Appellant] to 60 to 120 months['] incarceration on Count 1, which reduced the entire sentencing scheme by one year.

On September 18, 2015, [Appellant] filed a motion to modify sentence. On October 12, 2015, the court denied the motion, reasoning that everything [Appellant] asked the court to consider in modifying the sentence had already been considered by the court in determining the sentence. At this point, [Appellant] sought to appeal the order, while Attorney Clark saw no merit in that course of action. On November 12, 2015, Attorney Clark filed a motion to withdraw as counsel, which was accompanied by a memorandum outlining the irretrievable breakdown of the attorney-client relationship. To protect [Appellant's] rights, on that same date, Attorney Clark also filed a notice of appeal on his behalf. On December 9, 2015, [Appellant] filed a concise statement of matters complained of on appeal. On December 17, 2015, the court entered an order granting Attorney Clark leave to withdraw as counsel, and appointed Drew Deyo, Esq., as counsel.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed December 18, 2015, at 1-2.

Appellant raises the following issue for our review:

> IN CONSIDERATION OF THE EVIDENCE PRESENTED AT APPELLANT'S RESENTENCING HEARING, DID THE TRIAL COURT COMMIT AN ABUSE OF DISCRETION BY SENTENCING APPELLANT WITHOUT PROPER CONSIDERATION OF THE PENNSYLVANIA SENTENCING FACTORS, AND BY RUNNING HIS SENTENCE CONSECUTIVE WITH THE SENTENCE ALREADY IMPOSED IN FRANKLIN COUNTY COURT OF COMMON PLEAS CASE NUMBER 432 OF 2002?

Appellant's Brief at 6.

Appellant challenges the discretionary aspects of his sentence. He argues the court failed to properly consider his rehabilitative needs and potential when sentencing him. Although he admits the court sentenced him within the standard range, Appellant claims the court abused its discretion by imposing his sentence consecutively to the sentence he is serving on a separate docket for a separate crime. Appellant's issue merits no relief.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a

substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.***

Instantly, Appellant preserved his issue in a post-sentence motion, filed a timely notice of appeal and included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at 14-15. Thus, we must determine whether Appellant has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super.2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** (internal citations omitted).

We observe:

> a defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. ***See Commonwealth v. Moury***, 992 A.2d 162, 171–172 (Pa.Super.2010) ("The imposition of consecutive, rather than concurrent,

sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.")

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super.2013), *reargument denied* (Nov. 21, 2013), *appeal denied*, 91 A.3d 161 (Pa.2014) (internal citations omitted) (emphasis in original).

"[O]rdinarily, a claim that the sentencing court failed to consider or accord proper weight to a specific sentencing factor *does not* raise a substantial question." *Commonwealth v. Berry*, 785 A.2d 994, 996-97 (Pa.Super. 2001) (internal citation omitted) (emphasis in original). However, "reliance on impermissible sentencing factors can raise a substantial question." *Dodge*, 77 A.3d at 1273 (citing *Commonwealth v. Roden,* 730 A.2d 995 (Pa.Super.1999)). Further, a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the court failed to consider rehabilitative needs upon fashioning its sentence, presents a substantial question. *Commonwealth v. Caldwell*, 2015 PA Super 128, 117 A.3d 763, 770 (Pa.Super.2015) (*en banc*), *appeal denied,* 126 A.3d 1282 (Pa.2015).

Additionally:

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question

> determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Id.*

Here, the consecutive imposition of Appellant's sentences did not result in a clearly unreasonable or excessive sentence, and Appellant's bald claim of excessiveness due to the consecutive nature of his sentence does not raise a substantial question. **See Dodge, supra.** He further fails to forward a plausible argument that his sentence is clearly unreasonable because the court failed to adequately consider his rehabilitative needs. **See id.; see also Berry, supra.**[2] Thus, Appellant failed to raise a substantial question for our review.[3]

Judgment of sentence affirmed.

_____

[2] Further, Appellant fails to raise a substantial question through the combination of his challenges to the discretionary aspects of his sentence, because he does not articulate a plausible argument that the court's complete failure to consider his rehabilitative needs, combined with the consecutive imposition of his sentences resulted in an unduly harsh or unreasonable sentence. **C.f. Caldwell, supra.** He argues, rather, that the court did not properly consider his rehabilitative needs and potential, and that the consecutive imposition of his present sentence with the sentence already imposed on a separate crime "contradicted the norms that underlie the sentencing process." **See** Appellant's Brief at 14-15.

[3] Moreover, even if Appellant had raised a substantial question, his issue is devoid of merit. After Appellant's judgment of sentence of 72-132 months' incarceration was vacated, the court conducted a sentencing hearing, considered all factors Appellant raised, and resentenced Appellant to 60-120 months' incarceration, thus reducing his sentence by a year.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016