J-S76006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT LEE DEVORE | : | |
| | : | No. 3353 EDA 2015 |
| Appellant | : | |

Appeal from the Judgment of Sentence June 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000804-2014

BEFORE: PANELLA, J., STABILE, J., and PLATT[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 11, 2018**

Robert Lee Devore appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his robbery conviction. Appellant challenges the propriety of the Commonwealth's opening statement as well as discretionary aspects of his sentence. We affirm.

On January 5, 2014, the Commonwealth charged Appellant with robbery, theft, terroristic threats, simple assault, recklessly endangering another person ("REAP"), receiving stolen property, and possession of an instrument of crime ("PIC"). Appellant proceeded to a jury trial, at which Melvin Williams, the Commonwealth's main witness, testified Appellant robbed

_____

[*] Retired Senior Judge assigned to the Superior Court.

him at gunpoint.[1] After reporting Appellant to the police, Williams relayed that two people approached him, at separate times, attempting to deter him from testifying against Appellant. The Commonwealth linked these attempts to intimidate Williams to Appellant through recorded telephone calls Appellant made from prison. Appellant did not testify on his own behalf.

After deliberation, the jury found Appellant guilty of robbery.[2] The court later sentenced Appellant to eight to sixteen years' incarceration.[3] Following the denial of his post-sentence motion, Appellant filed a timely appeal.

In his first issue, Appellant argues the trial court erred by failing to sustain his objection to the Commonwealth's opening statement. Appellant alleges the Commonwealth's opening included an improper plea to the jury to protect the citizens of Philadelphia from witness intimidation, a charge Appellant was not facing. This, Appellant argues, biased the jury to such a degree that it kept them from fairly weighing the evidence. As such, Appellant contends he is entitled to a new trial.

We review a trial court's ruling on an objection to an opening statement for an abuse of discretion. *See Commonwealth v. Parker*, 919 A.2d 943,

---

[1] While Williams believed the gun to be a nine-millimeter handgun, it was actually a starter pistol. *See* N.T., Trial, 3/25/15, at 41.

[2] Prior to trial, the Commonwealth *nolle prossed* Appellant's charges for theft, receiving stolen property, simple assault and REAP. Therefore, at the time of trial, Appellant only faced the robbery, PIC, and terroristic threats charges. The jury found Appellant not guilty of both PIC and terroristic threats.

[3] As the weapon used was a starter pistol, the court granted Appellant's motion to bar application of the deadly weapons enhancement at sentencing.

949 (Pa. 2007). "[T]he prosecution … is afforded reasonable latitude in presenting opening arguments to the jury." *Id*., at 950 (citation omitted). However, this "latitude is not without limits." *Id*.

A prosecutor must base her opening statement upon "evidence the Commonwealth intends to offer, which the prosecutor believes, in good faith, will be available and admissible at trial." ***Commonwealth v. Arrington***, 86 A.3d 831, 853 (Pa. 2014) (citation omitted). Thus, prosecutors cannot "include mere assertions designed to inflame the jury's emotions." ***Commonwealth v. Begley***, 780 A.2d 605, 626 (Pa. 2001) (citation omitted).

Here, prior to trial, the prosecutor indicated she intended show Appellant's consciousness of guilt through recorded telephone calls Appellant made from prison. In those calls, Appellant asked a third party to intimidate Williams. ***See Commonwealth v. Lark***, 543 A.2d 491, 500 (Pa. 1988) (finding evidence of uncharged witness intimidation is admissible to prove consciousness of guilt). Appellant did not object to the use of these recorded telephone calls, as long as he was able to place the statements into the context of the entire telephone call. Thus, even before the trial began, Appellant understood the Commonwealth intended to introduce evidence of witness intimidation, even though it was not charged at the trial.

During the opening, the prosecutor discussed Appellant's attempts to intimidate Williams as follows:

> Ladies and gentlemen, you're going to hear [Appellant] say, I want you to go to that bar. The guy's name is Mel. I want you to put his name up at the bar. He's a rat. He's a snitch and he works

for the cops. Ladies and gentlemen, when I call Mr. Williams to testify today, I call him as my victim. I call him as my witness. This is a 66-year old gentleman, who had the worse [sic] thing that could ever happen to anybody happen to him. That's not what he's called on the streets of Southwest Philadelphia. He's called a snitch. He's called a rat. And, again, the only person that could benefit from Mr. Williams being too scared to come in here and address you because of sequences at home is this guy…. *Witness intimidation, ladies and gentlemen, cannot and shall not stand in Philadelphia – not on your watch.* Consider the benefit to this defendant. What did he stand to gain from that phone call? Go and put Mel's name out at the bar, ladies and gentlemen. He's a rat and he's a snitch. No, ladies and gentlemen, what he is is he's courageous. He's going to come in here and he's going to tell you what happened.

N.T., Trial, 3/25/15, at 22-23 (objection omitted; emphasis added). Appellant's objection to the prosecutor's reference to witness intimidation was overruled, and the prosecutor later introduced evidence that Appellant attempted to intimidate Williams in order to keep him from testifying at trial. *See* N.T., Trial, 3/24/15, at 66-67; N.T., Trial, 3/25/15, at 13-14, Commonwealth's Exhibit C-18B.

After reviewing the record, we disagree with Appellant's contention that because witness intimidation was not a charged offense, the statement "[w]itness intimidation … cannot and shall not stand in Philadelphia – not on your watch," can only be seen as an "imperative to the jury … to safeguard the body politic," requiring a new trial. Appellant's Brief, at 20. First, although witness intimidation was not a charged offense, all parties were aware, and Appellant conditionally agreed, that the evidence of Appellant's intimidation of Williams would be admissible at trial. As such, the prosecutor's statements during its opening that referenced witness intimidation was fairly based upon

evidence the prosecutor believed would be admissible at trial. ***See Arrington***, 86 A.3d at 853. ***See also United States v. Chirinos***, 112 F.3d 1089, 1098 (11th Cir. 1997) (finding prosecutor's opening statement about defendant's past offenses not improper because prosecutor reasonably believed the court would admit that evidence).

The prosecutor plainly made the challenged statement about witness intimidation within the Commonwealth's overview about the evidence the prosecutor was planning to introduce in an attempt to show Appellant's consciousness of guilt. Read within this context, we do not find it plausible that the Commonwealth intended this statement to be an "imperative to the jury … to safeguard the body politic." ***See Commonwealth v. Robinson***, 864 A.2d 460, 517-18 (Pa. 2004) (finding statements fairly within the context of the evidence presented by the Commonwealth do not constitute misconduct). Appellant is not entitled to the grant of a new trial on his claim of misconduct during opening statements.

In his final issue[4] on appeal, Appellant argues the sentencing court considered an improper factor in fashioning Appellant's sentence. This presents a challenge to the discretionary aspects of Appellant's sentence.

_____

[4] Appellant also purports to raise a challenge to the court's decision to allow the prosecutor to present an improper sentencing factor during the sentencing hearing. ***See*** Appellant's Brief, at 4 ¶ 2. However, when addressing this issue in the argument section of his brief, Appellant *only* points to law that supports his final issue, that the trial court cannot rely upon impermissible factors when sentencing. ***See id***., at 23-24. As Appellant has failed to provide citation to

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).[5]

Here, Appellant has met the first three parts of the test by filing a timely notice of appeal, preserving his challenge in a post-sentence motion and including the requisite Rule 2119(f) statement in his brief. Thus, we look to his Rule 2119(f) statement to determine whether he has met the fourth part of this test by raising a substantial question for our review.

---

relevant authorities to support his argument, we find this issue waived. **See** Pa.R.A.P. 2119(b).

[5] The test requires us to

> determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

To raise a substantial question, Appellant must show that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted). Appellant attempts to meet this burden by raising two claims in his Rule 2119(f) statement.

First, Appellant argues his sentence, which exceeds the aggravated range in the guidelines, is manifestly excessive because the court inappropriately considered the Commonwealth's speculation that witnesses failed to appear in Appellant's *unrelated cases* due to witness intimidation. Second, Appellant contends the court solely focused on retribution, to the exclusion of other required factors, in imposing an above-guidelines sentence. As both of these claims raise substantial questions, we proceed to examine the merits of his sentencing challenges. *See Commonwealth v. Roden*, 730 A.2d 995, 997 (Pa. Super. 1999) (finding claim that a sentence is excessive because trial court relied upon an impermissible factor raises a substantial question); *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (finding claim that trial court focused on one factor while failing to take into account other relevant sentencing criteria raises a substantial question).

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Shugars***, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

Turning to Appellant's first claim, he alleges that his sentence is excessive as the court improperly relied upon an impermissible factor during sentencing.

> In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

***Roden***, 730 A.2d at 997 (citation omitted). After reviewing all of the sentencing court's comments, we conclude that Appellant's first claim fails as the record is devoid of any evidence the trial court actually considered the Commonwealth's statement in fashioning its sentence.

At sentencing, the court stated that it reviewed both parties' sentencing memorandums and the presentence investigation. When the court imposed an above-guidelines sentence, it stated that it had considered Appellant's attempts to intimidate the victim in *this* case and the danger these actions had to *this* victim. ***See*** N.T., Sentencing, 6/26/15, at 19. The court neither mentioned nor inferred that the Commonwealth's speculation influenced its

sentence.[6] Without more, Appellant cannot support his assertion that his sentence was influenced by an improper sentencing factor.

Next, Appellant claims that the court focused solely on retribution in imposing his above-guidelines sentence. In imposing a sentence, the court must consider relevant statutory factors, including "the protection of the public, the gravity of an offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A court has broad discretion in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962-63 (Pa. 2007). While the court is required to consider the sentence ranges set forth in the sentencing guidelines, it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007).

The court may depart from the "guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it related to the impact on the life of the victim and the community[.]" *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001) (citation omitted). If the court imposes a sentence outside the guideline ranges, it must

---

[6] In its opinion, the court stated that it "did not consider the prosecutor's speculative remark that the [Appellant] engaged in witness intimidation in other cases." Rule 1925(a) Opinion, 3/28/17, at 11.

place adequate reasons for the deviation in the record. *See Commonwealth v. P.L.S.*, 894 A.2d 120, 129-130 (Pa. Super. 2006).

Our review of the record belies Appellant's claim that the court imposed his sentence based solely on retribution. To begin with, the court had the benefit of a presentence investigation report. Thus, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.... Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted). *See also Tirado*, 870 A.2d at 368.

At sentencing, the parties made repeated reference to the guidelines and the court was aware that the sentence imposed departed from the sentencing guidelines. *See* N.T., Sentencing, 6/26/15, at 19-20. The court made it clear that he considered the sentencing factors, but found it necessary to depart from the guidelines due to Appellant's extensive criminal history—

34 to 50 arrests over the course of 25 years[7]—and Appellant's reckless behavior towards Williams. ***See id***. The trial court committed no abuse of discretion in sentencing Appellant.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/18

---

[7] The prosecutor informed the court there was a dispute as to the number of arrests. The prosecutor counted 50 arrests; defense counsel counted 34. ***See*** N.T., Sentencing, 6/26/15, at 15.

- 11 -