J-S30036-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GERARD THOMPKINS, | : | |
| | : | |
| Appellant | : | No. 1780 WDA 2017 |

Appeal from the Judgment of Sentence October 27, 2017
in the Court of Common Pleas of Elk County,
Criminal Division, at No(s): CP-24-CR-0000307-2017

BEFORE:    BENDER, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JUNE 06, 2018**

Gerard Thompkins (Appellant) appeals from the October 27, 2017 judgment of sentence following his negotiated guilty plea to possession with intent to manufacture or deliver a controlled substance (heroin). Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On October 27, 2017, Appellant pled guilty to the aforementioned crime, waived his right to a presentence investigation, and proceeded directly to sentencing.[1] The plea court imposed an agreed-upon sentence of three to 12

_____

[1] In exchange for Appellant's guilty plea, the Commonwealth stipulated to the weight of the drugs seized, *nol prossed* the remaining charges, and recommended a negotiated sentence, which the plea court accepted. N.T., 10/27/2017, at 2-3, 14, 16.

*Retired Senior Judge assigned to the Superior Court.

years' incarceration with credit for time served.[2]  No post-sentence motions were filed.

On November 27, 2017, counsel timely filed a notice of appeal.[3]  The plea court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and counsel filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).

In this Court, we accepted plea counsel's request to withdraw and allowed George N. Daghir, Esquire, acting as a special public defender, to enter his appearance.  In lieu of an advocates brief, Attorney Daghir filed both an *Anders* brief and a petition to withdraw as counsel.  Accordingly, the following principles guide our review.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the

---

[2] The court determined that Appellant was ineligible for RRRI.

[3] "Except as otherwise prescribed by this rule, the notice of appeal ... shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).  Here, thirty days after October 27, 2017, was Sunday, November 26, 2017. Thus, Appellant's November 27, 2017 notice of appeal was timely filed.  *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, ... such day shall be omitted from the computation.").

- 2 -

right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).  By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.  If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).  Further, our Supreme Court has specified the following

requirements for the **Anders** brief:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must:  (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Based upon our examination of counsel's petition to withdraw and

**Anders** brief, we conclude that counsel has substantially complied with the

technical requirements set forth above.[4]  Thus, we now have the responsibility

"'to make a full examination of the proceedings and make an independent

---

[4] Appellant has not filed a response to counsel's petition to withdraw.

judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa. Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

In his *Anders* brief, counsel's sole question presented for our review contemplates "[w]hether the appeal is frivolous such that counsel's petition to withdraw should be granted." *Anders Brief* at 2. Specifically, counsel recognizes that when pleading guilty a defendant limits his ability to seek appellate review.[5] *See Commonwealth v. Roden*, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) ("Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed."). *See also Commonwealth v. Messmer*, 863 A.2d 567, 571 (Pa. Super. 2004) ("The entry of a guilty plea constitutes a waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence."). Thus, in his brief to this Court, counsel addresses these three issues and ultimately determines that Appellant's appeal is frivolous.[6] Upon review, we agree.

---

[5] Appellant acknowledged in his written guilty plea colloquy that by pleading guilty his "right to appeal is limited to challenging the legality of the sentence, the jurisdiction of the [c]ourt, and the voluntariness of [his] plea." Written Guilty Plea Colloquy, 10/27/2017, at 1.

[6] Furthermore, "[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." *Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa. Super. 2008).

**Jurisdiction**

"[S]ubject matter jurisdiction exists when the court is competent to hear the case and the defendant has been provided with a formal and specific notice of the crimes charged. [A] court's competency hinges upon a demonstration that a criminal act occurred within the territorial jurisdiction of the court." ***Commonwealth v. Jones***, 929 A.2d 205, 208 (Pa. 2007). As correctly observed by counsel, Appellant "received formal and specific notice of the charges filed against him in the criminal complaint."[7] ***Anders*** Brief at 9-10. ***See*** Complaint, 9/1/2017. Furthermore, "[Appellant] committed all of the offenses at issue in Elk County[,]" and thus, Elk County Court of Common Pleas was competent to hear the matter. ***Anders*** Brief at 10. Accordingly, this claim is frivolous.

**Validity of Guilty Plea**

It is well-settled that

[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, [352 A.2d 140, 141 (Pa. Super. 1975)] (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in

---

[7] A criminal information was also filed, which provided additional detail of the charged crimes. Information, 9/27/2017.

waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609–10 (Pa. Super. 2013).

Appellant's failure to preserve properly this issue by either objecting during his plea colloquy or filing a post-sentence motion to withdraw his plea has resulted in waiver of this issue on appeal. "An issue that is waived is frivolous." ***Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa. Super. 2016).

**Illegal Sentence**

**"**Even when there has been a plea agreement involving a negotiated sentence, an appellant may challenge the sentence as being illegal." ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 n.1 (Pa. Super. 2008).

A challenge to the legality of a sentence:

> is essentially a claim that the trial court did not have jurisdiction to impose the sentence that it handed down.... A trial court ordinarily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crimes.

***Commonwealth v. Tucker***, 143 A.3d 955, 960 (Pa. Super. 2016) (citations omitted).

35 P.S. § 780-113 sets forth the permissible sentence for possession with intent to manufacture or deliver a controlled substance.

(f) Any person who violates clause (12), (14) or (30) of subsection (a) with respect to:

> (1) A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years, or to pay a fine not exceeding two hundred fifty thousand dollars ($250,000), or both or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal activity.

*Id.* (footnote omitted).

In this case, Appellant received a sentence of three to 12 years' incarceration for possession with the intent to deliver heroin, a schedule I controlled substance. 35 P.S. § 780-104 (1). Appellant's sentence, which fell within the aggravated range of the sentencing guidelines, does not exceed the maximum term of incarceration allowable by statute. 35 P.S. § 780-113(f)(1) Furthermore, a review of the record reveals no additional issues that could implicate the legality of Appellant's sentence. Thus, this issue is meritless.

In light of the foregoing, we agree with counsel that the claims regarding the trial court's jurisdiction, the validity of his plea, and the legality of his sentence are frivolous. Moreover, we have conducted "a full examination of the proceedings" and conclude that "the appeal is in fact wholly frivolous." *Flowers*, 113 A.3d at 1248. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

- 7 -

Joseph D. Seletyn, Esq.

Prothonotary

Date:  6/6/2018