J-S01022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                       :  PENNSYLVANIA
                                       :
            v.                          :
                                       :
                                       :
JOSEPH LEROY WENZLER        :
                                       :
        Appellant         :  No. 1103 MDA 2018

Appeal from the Judgment of Sentence Entered January 17, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000554-2017

BEFORE:  PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:         **FILED FEBRUARY 11, 2019**

Joseph Leroy Wenzler (Appellant) appeals from the judgment of sentence imposed after he pled guilty to numerous charges of involuntary deviate sexual intercourse with a child, aggravated indecent assault, endangering the welfare of a child, corruption of minors, indecent assault, and intimidation, retaliation or obstruction in child abuse cases.[1]  After careful review, we affirm.

The trial court summarized the factual background as follows:

On March 2, 2017[, Appellant] was charged with various sexual offenses involving his [w]ife's granddaughter who had become their adoptive-daughter [(Victim)].  The criminal information alleged that between April 2008 and April 2015 [Appellant] did: cause his lips, mouth, and/or tongue to touch Victim's genitals between the ages of six and twelve years old; digitally penetrate

---

[1]  18 Pa.C.S.A. §§ 3123(b), 3125(a)(7), 4304(a)(1), 6301(a)(1)(ii), 3126(a)(7), and 4958(a)(2)(i).

*Retired Senior Judge assigned to the Superior Court.

the Victim's genitals; engage in sexual contact and/or communication with the Victim through a course of conduct; touch the Victim's genitals on nine separate occasions, and; told the Victim not to tell about the sexual abuse.

Trial Court Opinion, 5/29/18, at 2-3.

On October 17, 2017, Appellant appeared before the trial court and pled guilty to the above crimes. On January 17, 2018, the trial court sentenced Appellant to an aggregate term of 22 to 47 years of incarceration. In doing so, the trial court ordered that Appellant's sentences at count one, involuntary deviate sexual intercourse with a child, and count nine, endangering the welfare of a child, be served consecutively. All other sentences were run concurrently with counts one and nine.

Appellant filed a timely post-sentence motion, which the trial court denied. Appellant filed this timely appeal on June 28, 2018. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925. Appellant presents a single, multi-issue question for our review:

> 1. Did the [s]entencing [c]ourt commit[] a manifest abuse of discretion by running count nine (9) consecutive to count one (1), and err by finding that counts eleven (11) through nineteen (19) did not merge for sentencing purposes?

Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal."

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014), ***appeal denied***, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.*** We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), ***appeal denied***, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted), ***appeal denied***, 91 A.3d 161 (Pa. 2014).

Appellant has complied with the first three prongs of this test by raising his discretionary sentencing claims in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. ***See*** Appellant's Brief at 9. Therefore, we examine whether Appellant presents a substantial question for review.

Appellant argues that the trial court abused its discretion in failing to run his sentences at count one and count nine concurrently. Appellant's Brief

- 3 -

at 11. Specifically, Appellant alleges this resulted from the trial court's failure to give "greater consideration to the fact that [Appellant] was gainfully employed as a welder for six and one half years prior to being incarcerated, that he turned himself in on the charges, was cooperative with the detective, was ashamed and remorseful for his crimes, and chose to plead guilty to all charges." *Id.* This argument presents a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim--in conjunction with an assertion that the court failed to consider mitigating factors--raises a substantial question.") (citations omitted). We thus review Appellant's sentencing claim mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

- 4 -

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Id.*

This Court has also held, "[w]hen a sentencing court has reviewed a pre[-]sentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Baker*, 72 A.3d at 663 (citing *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006)). Additionally:

> [i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Fowler*, 893 A.2d at 767-68 (citing *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (some citations omitted).

At the January 17, 2018 hearing, the trial court specifically stated on the record that it considered Appellant's pre-sentence investigation report, applicable sentencing guidelines, the comments of the parties, and the victim

impact statement. N.T., 1/17/18, at 7. Before imposing Appellant's sentence,

the trial court commented:

> [Appellant], I know you've read the victim impact statement that was submitted by [Victim's mother]. We've just had a chance to talk to [the Victim]. You probably read the [d]iscovery material and know what folks said in that. I don't know that there is a whole lot more I need to say here.
>
> This is a situation where you know someone trusts you to take care of them. You didn't do that. That will affect [the Victim] for the rest of her life. There is not a whole lot you can do to have any positive impact upon her, I suppose.
>
> She talked about healing. I respectfully suggest she will be going to counseling for a long time. She should be. That is a result of what you did.
>
> I asked [Defense Counsel] if he could point me to anything, you know, that maybe I missed as far as it relates to his request for a mitigated sentence. I did not see anything. I'm not convinced by anything that he has argued to me that while, I guess, what we expect people to do, to take ownership of what they've done, I don't know that that mitigates what you did.
>
> I don't know if this sentence will last your entire life. If you are paroled on this, you'll be substantially older than you are now. I would hope you are not capable of ever doing anything like this again.

N.T., 1/17/18, at 6-7.

In its opinion, the trial court further explained:

> [Appellant] asserts that the sentencing court should have gave greater consideration to the fact that he was gainfully employed as a welder for six and one half years prior to being incarcerated, that he turned himself in on the charges, was cooperative with the detective, was ashamed and remorseful for his crimes, and chose to plead guilty to all the charges.
>
> The Commonwealth responds that any contention that [Appellant's] sentence was unduly harsh is absurd. [Appellant]

pleaded guilty to sexually abusing the victim, his step-daughter, consistently for approximately six (6) years. [Appellant] took advantage of her young age and vulnerabilities. She was told not to tell anyone on more than one occasion, he even went as far as to tell her that if she told she might be removed from the home. He was in a position of trust acting as a parent. Finally, [Appellant] had a substantial criminal history resulting in a prior record score of five (5).

During sentencing, the [c]ourt asked [c]ounsel for [Appellant] to point out anything that would substantiate [Appellant's] request for a mitigated-range sentence. In addition to what [Appellant] instantly argues he then also stated that he did not have any sexual abuse charges in his past.

As the [c]ourt makes its review of [Appellant's] sentence, it holds that it permissibly balanced any mitigating factors against the seriousness of the offenses and the impact on the community as a result of these offenses. The simple fact that [Appellant] disagrees with this [c]ourt's conclusion regarding his rehabilitative potential does not render the sentence imposed an abuse of discretion. **See Commonwealth v. Roden**, 730 A.2d 995, 998 (Pa. Super. 1999) (citing **Commonwealth v. Gibson**, 716 A.2d 1275, 1279 (Pa. Super. 1998).

Long standing precedent . . . recognizes that 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. **Commonwealth v. Graham,** 661 A.2d 1367, 1373 (Pa. 1995); **see also Commonwealth v. Perry**, 883 A.2d 599 (Pa. Super. 2005), and the cases cited therein. . . .

This [c]ourt ran two (2) of the twenty (20) counts against [Appellant] consecutive, and believes that such is reasonable after consideration of the pre[-]sentence investigation report, the guideline ranges, comments of the parties, and the impact statement as provided to the [c]ourt and read during sentencing. Importantly, the only [c]ount to be run consecutive to [c]ount 1 was the [e]ndangering the [w]elfare of [c]hildren, a felony of the third degree. The [c]ourt's decision was based upon all of the above, and [Appellant's] admission that he violated a duty of care and protection to his daughter by engaging in the sexual abuse outlined above against her for approximately six years of her

- 7 -

young life, a course of conduct that does not in the [c]ourt's discretion warrant the sentence to be run concurrent with [c]ount 1.

Trial Court Opinion, 5/29/18, at 7-8 (some citations omitted).

Based on our review of the record, including the above remarks by the trial court, we conclude that the court considered the appropriate factors when imposing Appellant's sentence. The trial court specifically discussed the potentially mitigating factors Appellant advanced at sentencing, as well as the severity of Appellant's crimes and their impact on the Victim. Ultimately, and in its discretion, the trial court determined that Appellant's crimes necessitated consecutive sentences at counts one and nine. *See Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.") (citations omitted). Thus, the record reflects that the trial court weighed the appropriate factors and properly fashioned an individualized sentence for Appellant. This claim is therefore meritless.

Appellant also "asserts that the [c]ourt erred by not merging the [i]ndecent [a]ssault charges at counts eleven through nineteen." Appellant's Brief at 11. We are mindful that, "[a] claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." *Commonwealth v.*

***Williams***, 958 A.2d 522, 527 (Pa. Super. 2008) (citing ***Commonwealth v. Snyder***, 870 A.2d 336, 349 (Pa. Super. 2005).

> Section 9765 provides:
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. The merger doctrine "is essentially a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense from the same criminal act or transaction." ***Williams***, 958 A.2d at 527 (citations omitted). "The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required." ***Commonwealth v. Healey***, 836 A.2d 156, 157-158 (Pa. Super. 2003) (citation omitted).

Here, the trial court stated, "each count of indecent assault was for a separate incident of abuse." Trial Court Opinion, 5/29/18, at 10. The Commonwealth agrees, stating that, "[a]ccording to the criminal information each count of indecent assault was for a separate incident." Commonwealth Brief at 9. "The drafting of the information was very clear. Each count related to a separate incident of abuse." ***Id.*** at 11. Upon review of the record, we agree.

Accordingly, an analysis under the merger doctrine is unnecessary because each of Appellant's indecent assault convictions originate from one of nine distinct criminal acts. As set forth in the criminal information, each indecent assault conviction Appellant pled guilty to was charged as the result of a separate, individual criminal act that occurred during the 6-year time period Appellant sexually abused the Victim. *See* First Amended Information, 6/1/17, at unnumbered 2-3. *See also Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. 2007) (*en banc*) (holding a defendant's convictions on three separate counts of corruption of minors did not merge where each count arose from three distinct incidents separated by a year or more). Thus, the trial court did not err in refusing to merge counts 11 through 19. *See Commonwealth v. Davidson*, 938 A.2d 198, 218 (Pa. 2007) ("There is nothing in this Court's merger case law which supports the contention that only one sentence may be imposed for multiple criminal acts which result in multiple convictions.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/11/2019