J-S54016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN RAMON TIBURCIO | : | |
| | : | |
| Appellant | : | No. 505 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 9, 2016
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004618-2015

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:          **FILED MARCH 10, 2020**

Juan Ramon Tiburcio appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, after a jury convicted him of two counts of delivery of a controlled substance (heroin),[1] possession with intent to deliver (PWID) a controlled substance (heroin),[2] conspiracy to commit PWID of a controlled substance,[3] three counts of criminal use of a communication facility,[4] three counts of possession of drug paraphernalia,[5]

---

[1] 35 P.S. § 780-113(a)(30).

[2] *Id.*

[3] *Id.*; 18 Pa.C.S. § 903(a)(1).

[4] 18 Pa.C.S. § 7512(a).

[5] 35 P.S. § 780-113(a)(32).

and three counts possession of a controlled substance.[6] Upon careful review, we remand for correction of the guideline sentence forms and affirm Tiburcio's judgment of sentence.

We have previously summarized the facts as follows:

[B]etween June 29, 2015[,] and August 11, 2015, the Narcotics Enforcement Team of the Berks County District Attorney's Office ("Narcotics Team") was working undercover to purchase heroin from a suspect, Karla Romig. On August 11, 2016, Romig was arrested for drug offenses. She then consented to Sergeant Todd Harris' use of her phone to contact her supplier, later identified as [Tiburcio]. Posing as Romig, Sergeant Harris texted [Tiburcio]. During the text conversation, Sergeant Harris asked [Tiburcio] for "three whole ones" which meant he was asking for three bundles of heroin. Through the text conversation between Sergeant Harris (posing as Romig) and [Tiburcio,] they arranged to have [Tiburcio] deliver the drugs to Romig's residence. Once [Tiburcio] arrived at the residence, he sent a text message to Romig stating that he was outside.

At that same time, the surveillance units working with Sergeant Harris informed him that a Toyota Camry had pulled up at the residence. [Tiburcio] exited the passenger side of the Camry, operated by his brother Michael Tiburcio ("co-defendant"), and started to walk up onto the porch of Romig's residence. He was then taken into custody. The Narcotics Team recovered from [Tiburcio's] person $818.00 in U.S. currency, two cellular telephones, and a sandwich bag containing a bundle of 10 heroin packets and another bundle of 9 heroin packets.

The Narcotics Team instructed the co-defendant to exit the Camry. A subsequent search of the co-defendant led to the recovery of a plastic sandwich bag containing 41 packets of crack cocaine, $296.00 in U.S. currency, a chunk of bulk cocaine and one packet of powder cocaine. Following the administration of **Miranda** warnings, the co-defendant directed the Narcotics Team to a small change drawer to the left of the steering wheel in the Camry containing 15 additional packets of heroin. The Narcotics

_____

[6] 35 P.S. § 780-113(a)(16).

Team also recovered the co-defendant's cellular phone from inside of the Camry. The co-defendant admitted to Detective George Taveras of the Berks County District Attorney's Office that he was "willing to cooperate with law enforcement," "he was doing this to get by," "times were tough," and that "this was a very small amount" and he can do "bigger things."

*Commonwealth v. Tiburcio*, 1589 MDA 2016 (Pa. Super. filed August 22, 2017) (unpublished memorandum).

On August 2, 2016, a jury found Tiburcio guilty of the above charges. On August 9, 2016, the Honorable M. Theresa Johnson sentenced him to consecutive terms of 33 months' to 15 years' incarceration on each of the two delivery of a controlled substance charges, as well as on each of the PWID and the conspiracy charges, for an aggregate sentence of 11 to 60 years' incarceration. On each of the three criminal use of a communication facility charges, Tiburcio was sentenced to 1½ to 7 years' incarceration, to run concurrently with the sentence for PWID. Tiburcio was credited with 364 days for time served. On August 31, 2018, the trial court denied Tiburcio's post-sentence motions.

On September 26, 2016, Tiburcio filed a notice of appeal and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal raising sufficiency, jury instruction, evidentiary, and sentencing issues. On August 22, 2017, this Court affirmed Tiburcio's judgment of sentence, but noted that Tiburcio had waived his sentencing issues because he failed to file a Pa.R.A.P. 2119(f) statement and the Commonwealth had objected to its absence. *Tiburcio*, 1589 MDA 2016, at *4 n.3.

On October 18, 2017, Tiburcio filed a petition in the trial court requesting leave to file a *nunc pro tunc* petition for allowance of appeal. He asserted that his counsel had abandoned him for failing to file a petition for allowance of appeal with the Pennsylvania Supreme Court. The trial court treated the petition as having been filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The court appointed counsel, who filed an amended PCRA petition on January 29, 2019. Tiburcio argued that his trial counsel was ineffective for failing to file a Rule 2119(f) statement and for failing to file a petition for allowance of appeal with the Pennsylvania Supreme Court. The court granted the petition and reinstated Tiburcio's right to appeal the discretionary aspects of his sentence and his right to file a petition for allowance of appeal *nunc pro tunc*.

On March 25, 2019, Tiburcio filed a *nunc pro tunc* notice of appeal. The trial court ordered that Tiburcio file a Rule 1925(b) concise statement of errors complained on appeal and Tiburcio complied on April 23, 2019. Tiburcio raises three sentencing issues.

Tiburcio first argues that the sentencing court did not consider the appropriate factors when fashioning his sentence. He specifically contends that the sentencing court did not state on the record the reasons for aggravating the sentence and that it double-counted factors already included in the prior record score (PRS). Tiburcio next argues that the sentence is based on an incorrect calculation of the offense gravity score (OGS). Finally,

Tiburcio argues that the sentencing court's decision to run the sentences consecutive to each other is clearly unreasonable and manifestly excessive.

Tiburcio's claims represent a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012); *Commonwealth v. Prestidge*, 539 A.2d 439, 441 (Pa. Super. 1988). An appeal raising the discretionary aspects of sentencing is not guaranteed of right; rather, a defendant's appeal is considered a petition for permission to appeal. *Commonwealth v. Williams*, 562 A.2d 1385, 1386-87 (Pa. Super. 1989) (en banc). An objection to the discretionary aspects of sentencing is waived if it is not raised at the sentencing hearing or in a motion to modify sentence. *Commonwealth v. Anderson*, 830 A.2d 1013, 1013 (Pa. Super. 2003). An appellant who challenges the discretionary aspects of sentencing must include in his or her brief a concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P. 2119(f). In addition, appellate review will only be granted if the appellant raises a substantial question that the sentence is inappropriate under the Sentencing Code. 42 Pa.C.S. § 9781(b); *Commonwealth v. Byrd*, 657 A.2d 961, 963 (Pa. Super. 1995); *Williams*, 562 A.2d at 1387.

The existence of a substantial question must be determined on a case-by-case basis. *Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545 (Pa. Super. 1995). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were

either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 912-13 (Pa. Super. 2000).

Here, Tiburcio filed a post-sentence motion to modify his sentence and a timely notice of appeal. In addition, he has included in his brief a concise statement of reasons relied upon for appeal pursuant to Rule 2119(f). Accordingly, we must now determine whether Tiburcio has raised a substantial question for our review.

In Tiburcio's Rule 2119(f) statement, he raises a substantial question by asserting that the sentencing court relied on improper factors when imposing a sentence in the aggravated range and by claiming that the court improperly calculated the OGS based on a miscalculation of the total weight of the drugs he possessed. *See Lamonda*, 52 A.3d at 371; *Commonwealth v. Roden*, 730 A.2d 995, 997 (Pa. Super. 1999).

However, we find Tiburcio failed to raise a substantial question regarding the consecutive nature of his sentence. Generally, Pennsylvania law "affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Pass*, 914 A.2d 442, 446-47 (Pa. Super. 2006). However, in extreme cases, the

decision to sentence consecutively can raise a substantial question. *See Commonwealth v. Marts*, 889, A.2d 608, 612-13 (Pa. Super. 2005). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate to, what appears upon its face to be, an excessive sentence in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010). Tiburcio's minimum sentence is 11 years. We cannot say that that sentence is excessive in light of the crimes and his prior history. *See Coomonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). Thus, we find that Tiburcio has not raised a substantial question with regard to his consecutive sentence claim. However, we find the remaining claims, that the court relied on improper factors when aggravating sentence and the court incorrectly calculated Tiburcuio's OGS, present substantial questions. *See Lamonda*, 52 A.3d at 371; *Roden*, 730 A.2d at 997.

Our standard of review of the discretionary aspects of a sentence is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

When fashioning a sentence, a "sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847-48 (Pa. Super. 2006)). A sentencing court can consider any legal factor when imposing a sentence in the aggravated range. *See Shugars*, 895 A.2d at 1275. However, a sentencing judge must state her reasons on the record for her decision to impose an aggravated-range sentence. *Commonwealth v. Bowens*, 975 A.2d 1120, 1122 (Pa. Super. 2009). Absent a manifest abuse of discretion, we will not disturb a sentencing judge's decision to impose an aggravated-range sentence. *Id.*

Tiburcio first argues that the sentencing court erred when it sentenced him in the aggravated range. Specifically, he claims the court did not state on the record its reason for aggravating the sentence and the court double-counted his past convictions, which were already included in the PRS. We disagree.

The sentencing court did not double count factors in arriving at Tiburcio's sentence; it found that he was a "poor candidate for rehabilitation" because only 30 days passed between when Tiburcio completed his parole and the date he was arrested. N.T. Sentencing, 8/9/16, at 10-12. The sentencing court also found that there were many victims, as Tiburcio dealt drugs on the streets of Berks County. *Id.* at 12. Furthermore, prior to sentencing, the

- 8 -

court reviewed a presentence investigation report. Accordingly, "we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." **Commonwealth v. Seagraves**, 103 A.3d 839, 842 (Pa. Super. 2014); **see also Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988). As the court relied on appropriate factors and explained its reason for aggravating Tiburcio's sentence, we cannot say it abused its discretion. **See Shugars**, **supra**.

Next, Tiburcio argues that the court incorrectly calculated the OGS and that the aggregate sentence was excessive. Specifically, Tiburcio contends that the sentencing court applied an OGS of 8, when the correct score was actually 7. Appellant's Brief, at 16.[7] However, our review of the record reveals that the sentencing court applied the appropriate OGS of 6. N.T. Sentencing, 8/9/16, at 3.[8] The sentencing court stated that it was going to "sentence in the aggravated range." **Id.** at 12. Tiburcio had a PRS of 5. The standard range for a crime with an OGS of 6 and a PRS of 5 is 21-27 months. The

---

[7] It appears that this confusion stems from an error on the guideline sentence forms. The guideline sentence forms list the incorrect quantity of drugs as 15 grams for each offense, which has an OGS of 8. Tiburcio argues that the stipulated amount of drugs was 5.45 grams, which has an OGS of 7.

[8] The total quantity of drugs used in all offenses was 5.45 grams. However, Tiburcio used different portions of the 5.45 grams in four different crimes. Thus, each crime involved either less than 1 gram of heroin each or 2-5 grams of cocaine each. The proper OGS for such offenses is 6.

aggravated range is plus 6, thus, the guideline aggravated range sentence is 27-33 months, which Tiburcio's sentence falls within.

A sentencing order is subject to later correction when a trial court's intentions are clearly and unambiguously declared during the sentencing hearing, such that a "clear clerical error" appears on the face of the record. *See Commonwealth v. Borrin*, 12 A.3d 466, 473 (Pa. Super. 2011). Here, the trial court's intention to sentence Tiburcio in the aggravated-range to crimes with an OGS of 6 is clear from the notes of testimony at sentencing. *See* N.T. Sentencing, 8/9/16, at 3, 12-13. Additionally, the sentencing order accurately reflects the correct sentence imposed. *See id.* at 1-4. However, the guideline sentence forms, which are electronically transmitted to the Pennsylvania Commission on Sentencing, are incorrect insofar as they list the incorrect quantity of drugs, causing the OGS to be incorrect; thus, the guideline ranges are also incorrect on the forms. *See* 204 Pa. Code § 303.1(e)(1) ("The completed Guideline Sentence Form shall be made a part of the record and the information electronically submitted to the Commission via SGS Web no later than 30 days after the date of sentencing."). This clerical error in no way affects Tiburcio's judgment of sentence, nor does it afford him any sentencing relief.[9]

---

[9] Nevertheless, because the Pennsylvania Commission on Sentencing uses the guideline sentence forms to monitor the application and compliance with the guidelines, we remand for the sentencing court to correct the guideline sentence forms to accurately reflect the quantity of drugs and the fact that Tiburcio's sentence falls in the aggravated range of the sentencing guidelines. *See* 42 Pa.C.S. § 2153(14).

In sum, we find Tiburcio's arguments have no merit. Tiburcio has failed to demonstrate that the sentencing court considered inappropriate factors. In addition, the sentencing court stated on the record its reasons for sentencing Tiburcio to consecutive, aggravated sentences. *See* N.T. Sentencing, 8/9/16, at 10-12. Furthermore, the sentences were within the appropriate guideline ranges. We cannot substitute our judgment for that of the sentencing court. *See Commonwealth v. Griffin*, 804 A.2d 1, 9 (Pa. Super. 2002). Thus, we find that the sentencing court acted within its discretion.

Case remanded for correction of guideline sentence form. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>03/10/2020</u>

- 11 -