J-S42044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN RICHARD COUDRIET | : | |
| | : | |
| Appellant | : | No. 527 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 5, 2022
In the Court of Common Pleas of Crawford County
Criminal Division at No(s):  CP-20-CR-0000878-2019

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED:  April 12, 2023**

Shawn Richard Coudriet appeals from the judgment of sentence imposed following an open guilty plea in which Coudriet pleaded guilty to burglary and aggravated indecent assault.[1] For these two offenses, in addition to being adjudicated a sexually violent predator, Coudriet was aggregately sentenced to 120 to 240 months of incarceration. Despite Coudriet filing a *pro se* notice of appeal and concise statement of matters complained of on appeal, Coudriet's counsel, appointed post-notice, has filed a petition to withdraw from representation and a corresponding brief pursuant to **_Anders v. California_**. **_See_** 386 U.S. 783 (1967). After an exhaustive review of the record, we affirm Coudriet's judgment of sentence and additionally grant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_See_** 18 Pa.C.S.A. § 3502(a)(1)(i) and 18 Pa.C.S.A. § 3125(a)(2), respectively.

counsel's petition to withdraw.

As best that can be discerned, Coudriet pleaded guilty to an incident in 2019 wherein he unlawfully entered a residence in Meadville, Pennsylvania, and thereafter, *inter alia*, forcibly placed his fingers in the genitals of the victim. That victim happened to be the girlfriend of Coudriet's brother. Stemming from this event, Coudriet was charged with ten criminal offenses, ranging from burglary to simple assault and harassment.

Although Coudriet was represented by the Crawford County Public Defender's Office at or around the time that he waived his preliminary hearing, Coudriet subsequently requested to proceed *pro se*, which the lower court allowed. **See** Trial Court Opinion, 5/25/22, at 1 n.1 ("Coudriet was permitted to proceed without representation following a competency and **Grazier**-type hearing [**see** 713 A.2d 81 (Pa. 1998)] held on May 11, 2020. A competency examination was ordered and filed on January 1, 2021[.]"). Notwithstanding his desire to proceed *pro se*, standby counsel[2] provided at least some level of assistance to Coudriet in him pleading guilty to the two above-mentioned crimes, with the court ordering a *nolle prosequi* of the remaining charges.

Following sentencing, Coudriet filed, *pro se*, a timely notice of appeal and later, while still *pro se*, submitted a statement of matters complained of on appeal. Several weeks after these filings, the court appointed him with counsel. The relevant parties complied with their respective obligations under

---

[2] Coudriet's standby counsel was the same attorney now representing him in the present matter.

Pennsylvania Rule of Appellate Procedure 1925, and accordingly, this matter is ripe for review.[3]

Prior to any substantive consideration of appellate issues that may be present, we must first consider counsel's petition to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). By its very nature, an **Anders** brief signals counsel's belief that the current appeal is frivolous. As such, to withdraw from representation, counsel must avail himself or herself of a well-defined set of procedures. Specifically, counsel is required to:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous;
>
> (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and
>
> (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court expounded upon the necessary components of an **Anders** brief, mandating that counsel:

---

[3] As discussed, *infra*, the court's opinion is responsive to Coudriet's *pro se* concise statement of matters complained of on appeal, finding all three issues Coudriet has raised to be either unmeritorious or incoherent. **See** Trial Court Opinion, 5/25/22, at 2-4.

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, at 361. If there is compliance with *Anders*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

After delving into counsel's submissions, we conclude that there has been satisfactory compliance with *Anders*. First, the petition to withdraw[4] establishes that in addition to counsel's "active involvement as standby counsel[,]" counsel performed a "conscientious examination of the record" and concluded that Coudriet's appeal would be "frivolous."  Petition to Withdraw as Legal Counsel, 10/29/22, at 7. Second, counsel's *Anders* brief substantially conforms to the dictates of *Santiago*. *Inter alia*, the brief contains a well-developed summary of this matter's facts and procedural history. *See Anders*

---

[4] We note that on October 24, 2022, this Court issued an order requiring counsel to file a petition to withdraw as counsel that was separate from the *Anders* brief. Counsel complied with this directive on November 1, 2022.

Brief, at 7-11. Third, counsel has included a copy of the letter that he sent to Coudriet, which evinces counsel's clear intention to withdraw from representation and, too, informs Coudriet of his right to either seek new counsel or proceed *pro se*.[5] **See** Petition to Withdraw as Legal Counsel, 10/29/22, at 14. As the technical requirements of **Anders** have been met, we review the brief's contents to ascertain the frivolousness of any issues counsel has raised. Following that analysis, we independently review the record to establish whether Coudriet's appeal is without merit in all other capacities.

In the **Anders** brief, while acknowledging that Coudriet suffers from mental health issues, it explicitly states that "undersigned counsel does not believe that there are any issues that support an appeal." **Anders** Brief, at 5 (stating further that Coudriet underwent "three competency examinations … [which] indicated that [he] was competent to stand trial[]"). The **Anders** brief then details the facts underpinning Coudriet's convictions, the very facts that Coudriet inherently assented to by entering into both a written and oral guilty

---

[5] Coudriet has filed at least three *pro se* responses to counsel's **Anders** brief. However, the contents of these responses are, at times, unintelligible. **See, e.g**., Brief of Appellant, 12/10/22, at 1 ("I was born noticeably genetically advanced. Exturnally [*sic*] positive electromagnetic most are all inturnal [*sic*]. This has lead [*sic*] to medical extortions that have been harmful with sexual depositions and various forms of idenity [*sic*] thieft [*sic*] and misreputations [*sic*].") (unnecessary capitalization omitted). However, later in that same filing, Coudriet states that the evidence was insufficient to sustain his convictions because of police misconduct. **See id**., at 4. Moreover, Coudriet asserts that his guilty plea was unlawfully induced due to his innocence. **See id**.

plea.

As Coudriet entered into a guilty plea, the **Anders** brief addresses the limited bases from which a plea-taking appellant can appeal. In so doing, the brief comprehensively compares those discrete precepts with Coudriet's case and finds that there is no arguable merit to anything that Coudriet could seek on appellate review.

"The entry of a guilty plea constitutes a waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence." **Commonwealth v. Messmer**, 863 A.2d 567, 571 (Pa. Super. 2004); **see also Commonwealth v. Roden**, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) ("Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed.").

Going in the order as discussed in the **Anders** brief, counsel quotes the relevant portions of Coudriet's guilty plea colloquy and concludes that said plea was "voluntarily and understandingly made." **Anders** Brief, at 10-11. Moreover, counsel emphasizes that there is nothing apparent in the plea colloquy, or anywhere else in the record, to establish that Coudriet was unlawfully induced to enter the plea. **See id**., at 11.

To the extent that there is any validity to a claim that Coudriet was somehow induced into taking a plea,

> [a] defendant wishing to challenge the voluntariness of a guilty
> plea on direct appeal must either object during the plea colloquy

> or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." ***Commonwealth v. Roberts***, [352 A.2d 140, 141 (Pa. Super. 1975)] (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609–10 (Pa. Super. 2013).

Here, there is no evidence that Coudriet objected to the plea during either the oral or written colloquy. ***See, e.g.***, Plea Hearing, 6/2/21, at 13-15 (demonstrating Coudriet's acquiescence to the charges he pleaded guilty to by stating that he was entering the plea of his own free will, that he was not threatened or coerced in any way, and that he engaged in the illicit activities leading to his convictions). Furthermore, as the lower court writes, "[Coudriet] did not file a post-sentence motion." Trial Court Opinion, 5/25/22, at 2 (signaling the absence of a specific motion to withdraw the plea). Therefore, Coudriet failed to properly preserve this issue and has waived review of such a contention on appeal. ***See Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue that is waived is frivolous.").

Next, the ***Anders*** brief discusses the legality of the sentences that were imposed, which resulted in an aggregate incarceration term of ten-to-twenty

years. The brief states that Coudriet's burglary charge was a first-degree felony, carrying a statutory maximum sentence of twenty years, and his aggravated indecent assault conviction, a second-degree felony, featured a maximum incarceration term of ten years. Individually, the sentences were imposed as two consecutive terms of five-to-ten years.

A challenge to the legality of a sentence:

is essentially a claim that the trial court did not have jurisdiction to impose the sentence that it handed down.... A trial court ordinarily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crimes.

*Commonwealth v. Tucker*, 143 A.3d 955, 960 (Pa. Super. 2016) (citations omitted).

18 Pa.C.S.A. § 1103(1) provides that, except as it relates to second or subsequent offenses, first-degree felonies carry a maximum term of incarceration of "not more than 20 years." In addition, second-degree felonies carry a maximum term of "not more than ten years." *Id*., at § 1103(2). Consequently, the constituent parts of Coudriet's aggregate sentence do not exceed the maximum incarceration terms allowable by statute. There is also nothing evident of record to suggest any other legality of sentence issues. As such, any appeal challenging the legality of his aggregate sentence would be frivolous.

As to jurisdiction, the *Anders* brief notes that the subject incident, filing of the criminal complaint, guilty plea/conviction, and sentencing all occurred

in Crawford County, Pennsylvania. "As such, … Crawford County, Pennsylvania had proper jurisdiction over [Coudriet's] case." **Anders** Brief, at 12.

"[S]ubject matter jurisdiction exists when the court is competent to hear the case and the defendant has been provided with a formal and specific notice of the crimes charged. [A] court's competency hinges upon a demonstration that a criminal act occurred within the territorial jurisdiction of the court." **Commonwealth v. Jones**, 929 A.2d 205, 208 (Pa. 2007). There is no evidence that Coudriet did not receive a formal and specific notice of the charges that were filed against him via criminal complaint. Coudriet appears to have been present at all critical stages leading up until the point in which he entered into the guilty plea, so any claim on jurisdictional grounds is patently frivolous. In addition, the very language of Coudriet's plea establishes that the crimes he committed occurred within Crawford County.

Finally, to the extent Coudriet could attempt to raise an ineffective assistance of counsel argument, the **Anders** brief succinctly states that Coudriet "chose voluntarily to represent himself in this case." **Anders** Brief, at 12. To that point, it is obvious that one cannot raise an ineffective assistance of counsel argument against oneself, which makes any claim in this domain meritless.

Independent of the later-filed **Anders** brief, the trial court, in its opinion, addressed the issues raised in Coudriet's *pro se* statement of matters complained of on appeal. In that statement, Coudriet presented three

arguments for appellate review, with the first seemingly suggesting that the evidence was insufficient to convict him.[6]

Unfortunately, Coudriet waived his ability to seek review of such a contention by assenting to the guilty plea. **See Commonwealth v. Rounsley**, 717 A.2d 537, 539 (Pa. Super. 1998) ("It is well established that any issue relating to sufficiency of the evidence is waived by entry of a guilty plea[.]"). Accordingly, there is no merit to any of the issues he attempted to raise in a *pro se* capacity.

Pursuant to **Anders**, we have independently reviewed the record to uncover other non-frivolous issues. However, this review has provided nothing legally viable for Coudriet to have pursued on appeal.

As we have found no non-frivolous issues and further see no merit to anything explored in the **Anders** brief, we grant counsel's petition to withdraw and affirm Coudriet's judgment of sentence.

Petition to withdraw from representation granted. Judgment of sentence affirmed.

_____

[6] Despite giving wide latitude to his writings, we agree with the lower court's conclusion that the other two matters are not able to be understood. **See, e.g.**, Statement of Matters … Complain[ed] of on Appeal, at 2 ("(3) Aiding prisoner's dangerous to society in extortive release by harm. Never came to be now, advanced genetically to all things. Genetic weponization [*sic*] as law is inefficient for the criminal capacity. Errored this way. People as we were home invaded.") (unnecessary capitalization omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2023