J-S43044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANK ANTHONY MERCADO | : | |
| | : | |
| Appellant | : | No. 788 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 2, 2023
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003214-2022

BEFORE:   McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MAY 20, 2024**

Frank Anthony Mercado appeals from the judgment of sentence imposed following a negotiated guilty plea in which he pleaded guilty to aggravated assault. **See** 18 Pa.C.S. § 2702(a)(1). For this offense, Mercado was sentenced in accordance with his plea to ninety to one hundred and eighty months of incarceration. Several days after sentencing, while still represented by plea counsel, Mercado submitted a *pro se* "Post sentencing Motion do [*sic*] to Misrepresentation," which was denied by the lower court,[1] and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Mercado's *pro se* post-sentence motion should have been treated as a legal nullity because he was represented by counsel when he filed it. **See** Pa.R.Crim.P. 120(A)(4); **see also Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (stating that a *pro se* post-sentence motion filed by a defendant who is represented by counsel is a legal nullity). The proper course for the lower court to have taken would have been to note the receipt

*(Footnote Continued Next Page)*

approximately two weeks later, filed a timely *pro se* notice of appeal. Correspondingly, Mercado's counsel has filed a petition to withdraw from representation and a corresponding brief pursuant to ***Anders v. California***, 386 U.S. 783 (1967). After an extensive review of the record, we affirm Mercado's judgment of sentence and additionally grant counsel's petition to withdraw.

As gleaned from the record, Mercado pleaded guilty to a September 28, 2022 incident that involved him entering an apartment with a hammer, striking the victim in the head, and further causing the victim to sustain numerous wounds to his hands and arms as defensive wounds. Treatment at the hospital provided confirmation that, as a result of Mercado's attack, the victim obtained skull fractures and also had a compound fracture of his middle index finger, which required surgery to repair.

The Commonwealth filed a bill of information charging Mercado with, *inter alia*, attempted first-degree murder. ***See*** 18 Pa.C.S. §§ 901(a), 2502(a). Mercado thereafter entered into a negotiated guilty plea to one count of aggravated assault, and the other seven charges contained in the information were dismissed. Sentencing immediately followed Mercado's on-the-record plea colloquy, with the court sentencing him in accordance with his negotiated plea to the aforementioned ninety to one hundred and eighty months of

---

of the *pro se* post-sentence motion on the docket and forward it to counsel, but refrain from acting upon the motion. ***See Commonwealth v. Williams***, 151 A.3d 621, 623 (Pa. Super. 2016).

incarceration.

Subsequently, Mercado filed a *pro se* post-sentence motion and, too, a notice of appeal. In lieu of filing a concise statement, **see** Pa.R.A.P. 1925(b), Mercado's counsel filed a notice of his intent to file an **Anders** brief, **see** Pa.R.A.P. 1925(c)(4).

Before any substantive consideration of Mercado's appeal, we must first consider counsel's petition to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). By its very nature, an **Anders** brief signals counsel's belief that the current appeal is frivolous. As such, to withdraw from representation, counsel must avail himself of a well-defined set of procedures. Specifically, counsel is required to:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous;
>
> (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and
>
> (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court expounded upon the necessary components of an **Anders** brief, mandating that counsel:

> (1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, at 361. If there is compliance with *Anders*, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel has satisfactorily complied with *Anders*. First, the petition to withdraw establishes that "[a]fter careful review of the record and relevant legal authority," counsel found there to be no "non-frivolous issues to raise on appeal and [counsel] believe[d] the appeal to be wholly frivolous." Petition to Withdraw as Counsel, 8/29/23, ¶ 4. Second, counsel's *Anders* brief substantially confirms to the dictates of *Santiago*, including a procedural and factual history of Mercado's case and stating counsel's reasons for concluding that the appeal is frivolous. *See Anders* Brief, at 6-8. Third, counsel has included a copy of the letter that he sent to Mercado, which evinces counsel's clear intention to withdraw from representation and, too, informs Mercado of his right to either seek new counsel or proceed *pro se*. *See* Petition to Withdraw as Counsel, 8/29/23, at 3 (unpaginated). Because the technical

- 4 -

requirements of **Anders** have been met, we review the brief's contents to ascertain the frivolousness of any issues counsel has raised. Following that analysis, we independently review the record to establish whether Mercado's appeal is without merit in all other capacities.

Counsel raises two appellate issues: (1) whether Mercado can demonstrate "manifest injustice" that would allow him to withdraw his negotiated guilty plea; and (2) whether Mercado can challenge the discretionary aspects of his sentence. **Anders** Brief, at 5.

"The entry of a guilty plea constitutes a waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence." **Commonwealth v. Messmer**, 863 A.2d 567, 571 (Pa. Super. 2004); **see also Commonwealth v. Roden**, 730 A.2d 995, 997 n.2 (Pa. Super. 1999) ("Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed.").

Counsel writes that "the court verified that [Mercado] understood the charge to which he was pleading guilty in addition to the statutory maximums for the offense." **Anders** Brief, at 13. "The court then continued with the extensive, on-the-record colloquy. Next, the court informed [Mercado] and verified that he understood several of the important rights that he would be giving up by pleading guilty." **Id**., at 13-14. Mercado also showed his direct cognizance of/involvement in the plea process, as an active participant, by

"the fact that he corrected the district attorney [on the record] as to the location of the incident." *Id*., at 14.

To the extent that there is any validity to a claim that Mercado was somehow induced into taking a plea,

> [a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Commonwealth v. Roberts**, [352 A.2d 140, 141 (Pa. Super. 1975)] (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

**Commonwealth v. Lincoln**, 72 A.3d 606, 609–10 (Pa. Super. 2013).

Here, there is no evidence that Mercado objected to the plea during either the oral or written colloquy. **See generally** Guilty Plea and Sentencing Hearing, 5/2/23. Instead, Mercado pleaded guilty because he "committed th[e] offense and [assented to the plea agreement] of [his] own free will[.]" *Id*., at 7. Prior to Mercado's oral assent to the plea agreement, the court posed myriad questions, asking, *inter alia*, whether Mercado was satisfied with the services of his attorney, whether he understood the nature of his plea agreement, whether he was cognizant of the maximum permissible sentence

he could have received, whether he was under the influence of any drugs, alcohol, or medication, whether he was of a clear mind, whether he had been forced, threatened, or coerced to plead guilty, and whether counsel explained the written plea agreement to him in a way that he understood. *See id*., at 4-7. Mercado indicated that he fully understood the minutia of his plea agreement and related proceedings.

As Mercado's post-sentence filing was a legal nullity, there was, effectively, no motion to withdraw the plea, to the extent it was construed as such, before the lower court.[2] Correspondingly, Mercado failed to properly preserve this issue and has waived review of such a contention on appeal. *See Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016) ("An issue that is waived is frivolous.").

However, even if his claim were not waived, Mercado would not be entitled to relief.

> [A] request to withdraw a guilty plea after sentencing is subject to higher scrutiny [than a pre-sentence request] since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently.

---

[2] Although it is not entirely clear, Mercado's *pro se* motion raises an ineffective assistance of counsel claim against his counsel. Mercado claims he has "a long record of mental health problem [that] [he] was trying to use to [his] advantage in his case witch [*sic*] my public defender [did not provide] this information[.]" Post Sentencing Motion do [*sic*] to Misrepresentation, 5/10/23.

*Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019) (citations and quotation marks omitted). Furthermore, we presume "a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Hart*, 174 A.3d 660, 665 (Pa. Super. 2017) (citation omitted). Simply put, despite now having apparent misgivings about his plea agreement, Mercado completed both a written and oral plea colloquy showing his complete understanding and assent to his plea agreement's terms. There is nothing in the record to establish that he did not understand the proceedings or that he involuntarily entered into such an agreement. Therefore, *inter alia*, given his express answers to the court's extensive inquiry, Mercado knowingly and voluntarily accepted the plea agreement, and any challenge thereto would be wholly frivolous.

The second issue identified in the *Anders* brief contests the discretionary aspects of Mercado's sentence. This type of challenge does not entitle an appellant to "review as of right." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Instead,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
>> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate

- 8 -

under the Sentencing Code.

*Id*. (citation omitted).

Here, because Mercado did not file a post-sentence motion challenging the discretionary aspects of his sentence or preserve any claim at the sentencing hearing, he has failed to properly invoke this Court's jurisdiction and is accordingly entitled to no relief. **See Caldwell**, 117 A.3d at 768. Moreover, the sentence imposed was a negotiated term of Mercado's plea agreement and is therefore not subject to discretionary review. This Court has observed:

> [When] the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process[.]

**Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017). As such, the second, and final, issue presented in the **Anders** brief is also meritless.[3]

Pursuant to **Anders**, we have independently reviewed the record to uncover other non-frivolous issues. However, this review has revealed no

---

[3] In addition, we emphasize that the sentence that was imposed was legal and fell within the standard range of the sentencing guidelines. **See** 18 Pa.C.S. § 1103(1) (first-degree felony carries a maximum term of twenty years); Guilty Plea and Sentencing Hearing, 5/2/23, at 8, 12.

viable issues that Mercado could pursue on appeal.

As we have found no non-frivolous issues and further see no merit to anything explored in the **Anders** brief, we grant counsel's petition to withdraw and affirm Mercado's judgment of sentence.

Petition to withdraw from representation granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/20/2024